COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Clements and Agee
Argued at Richmond, Virginia


CHRISTINE SOLEM AND
 JOHN COLES
                                     MEMORANDUM OPINION[*] BY
v.    Record No. 1618-01-2          JUDGE G. STEVEN AGEE
                                        OCTOBER 15, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                    Rayner V. Snead, Judge Designate

              Christine Solem (John Coles, pro se, on
              briefs).

              Richard B. Smith, Senior Assistant Attorney
              General (Jerry W. Kilgore, Attorney General,
              on brief), for appellee.


     Christine Solem (Solem) and John Coles (Coles) were

convicted in the Circuit Court of Albemarle County of

"[f]ail[ing] to securely protect food in the process of

manufacture or storage from contamination by flies, dust, dirt

or other injurious contamination," in violation of Code

§ 3.1-368, and the "[m]anufacture, sale, delivery, holding or

offering for sale food that is adulterated," in violation of

Code § 3.1-388(a).  Both Solem and Coles were each ordered to

pay fines totaling $200.  On appeal, Solem and Coles contend the

trial court erred by denying their motions to suppress certain

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

evidence.  Specifically, they contend the search warrant (1) did not recite a valid offense; (2) was issued without probable cause; and (3) was issued based on observations illegally obtained.  For the following reasons, we find the trial court did not err and affirm the convictions.

## I.  STANDARD OF REVIEW

In reviewing a trial court's denial of a motion to suppress, "[t]he burden is upon [appellants] to show that this ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error."  Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980). "Ultimate questions of reasonable suspicion and probable cause to make a warrantless search" involve issues of both law and fact and are reviewed de novo on appeal.  See Ornelas v. United States, 517 U.S. 690, 691 (1996).  "In performing such analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers."  McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citation omitted).

## II.  THE WARRANT STATED A VALID OFFENSE

Code § 3.1-399 grants agents of the Commissioner of the Department of Agriculture and Consumer Services (the Commissioner) free access

> to any factory, warehouse, or establishment in which foods are manufactured, processed, packed, or held for introduction into commerce . . . or any store, restaurant or other place in which food is being offered for sale, for the purpose . . . [o]f inspecting such [place] . . . to determine if any of the provisions of [Title 3.1, article 3] are being violated . . . .

"The refusal to permit entry or inspection . . ., as authorized by [Code] § 3.1-399" is prohibited.  Code § 3.1-388(e).

The Department's agents found on June 19, 1999 that goat cheese ostensibly produced at Satyrfield Farm was offered for sale to the public and sought to inspect the production and storage area at the farm pursuant to Code § 3.1-399.  Solem refused the agents entry to conduct an inspection.  The agents then sought a search warrant that would authorize the search in light of the refusal, which they believed was in violation of Code § 3.1-388(e).

Solem and Coles contend the warrant issued does not cite a valid offense applicable to them because their goat cheese production took place within their home and on its accompanying property.  Because it was their private home, Solem contends she was constitutionally permitted to refuse entry for a warrantless search, regardless of the commercial application for which the

- 3 -

residence was used.  Solem cites the United States Supreme Court decision in Camara v. Municipal Court, 387 U.S. 523 (1967), to support her position.

While warrantless searches of a private home are prohibited, warrantless inspections may be allowed when there is a "pervasively regulated industry" involved.  The "pervasively regulated industry" exception to the warrant requirement permits reasonable warrantless inspections of commercial enterprises engaged in closely regulated businesses.  See Donovan v. Dewey, 452 U.S. 594, 600 (1981); Colonnade Catering Corp. v. United States, 397 U.S. 72, 77 (1970).  Where governmental interests are furthered by regulatory inspections, a warrantless inspection does not violate the Fourth Amendment, so long as the search is reasonable.  See Donovan, 452 U.S. at 600.

Enterprises that supply dairy products for human consumption in the Commonwealth constitute a "pervasively regulated industry."[1]  This is not an unknown concept to the appellants, based on prior litigation experience involving the

---

[1] In Commonwealth v. Stratford Packing Co., 200 Va. 11, 104 S.E.2d 32 (1958), the Supreme Court of Virginia held that it is "'inherent in the plenary power in the state which enables it to prohibit all things hurtful to the comfort, safety, and welfare of society.'"  Id. at 16, 104 S.E.2d at 36 (citation omitted).  Regulations governing the Commonwealth's food supply are justified by the state's interest in the "protection of its food supply."  Id.  The General Assembly has charged the Commissioner and the Department with the duty to "inquire carefully into the dairy and food and drink products . . . which are manufactured or sold, or exposed or offered for sale in this Commonwealth."  Code § 3.1-402.

Commonwealth's regulation of goat products as part of its regulation of the dairy industry.  See generally Kenley v. Solem, 237 Va. 202, 375 S.E.2d 532 (1989); Carbaugh v. Solem, 225 Va. 310, 302 S.E.2d 33 (1983).  Solem and Coles were notified by the Commissioner that they were subject to the laws and regulations applicable to food production enterprises if they chose to produce goat cheese for sale.  They were notified that inspections would be performed.  Therefore, provided the parameters for a warrantless inspection are reasonable, a warrantless inspection upon the premises of a dairy product enterprise is permissible.  By entering into their commercial goat cheese enterprise, Solem and Coles have subjected themselves to the laws and regulations of the Commonwealth governing the production and sale of food products and cannot shield themselves from compliance by simply producing their product in the kitchen of their home.

We find the warrantless search authorized by Code § 3.1-399 to be reasonable.  The reasonableness of a warrantless search depends upon the specific enforcement needs and privacy guarantees of each statute.  Marshall v. Barlow's, Inc., 436 U.S. 307, 321 (1978).  The authority to conduct a warrantless inspection pursuant to Code § 3.1-399 is restrictive.  A warrantless inspection is permitted only in those places where "foods are manufactured, processed, packed, or held for

introduction into commerce . . . or [the] place in which food is being offered for sale."  Code § 3.1-399.  In this case, a warrantless inspection would have been permitted only in those areas of the home and farm where the goat cheese was produced and stored and no other places.  Further, regulations prohibit night and holiday inspections.  See id. (access by Commissioner and his agents limited to "reasonable hours").

In sum, the goat cheese production and storage areas at Satyrfield Farm were subject to a warrantless inspection.  Solem refused entry to the inspectors in violation of Code § 3.1-388(e).  Therefore, the search warrant stated a valid offense.[2]

### III.  THE WARRANT WAS ISSUED UPON PROBABLE CAUSE

Next, Solem and Coles contend the search warrant was issued without probable cause.  We disagree.

Whether probable cause exists to support the issuance of a warrant is to be determined from the "totality of the circumstances" that are presented to the magistrate.  Illinois v. Gates, 462 U.S. 213, 238 (1983).

---

[2] Moreover, the procedure followed by the Department in this case was exactly that prescribed by the United States Supreme Court in Camara.  "Warrants should normally be sought only after entry is refused . . . ."  Camara, 387 U.S. at 539.  When Solem refused a warrantless inspection under Code § 3.1-399, the Department's agents properly applied for a search warrant, which was granted.  The evidence, to which the motion to suppress was directed, came not from a warrantless inspection, but from a validly issued search warrant.

The task of the issuing magistrate is simply to make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and the basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."  And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . concluding" that probable cause existed.

*     *     *     *     *     *     *

[A]n after-the-fact review of a magistrate's decision should not be made de novo[,] . . . great deference should be given to the magistrate's finding of probable cause.

Derr v. Commonwealth, 242 Va. 413, 421, 410 S.E.2d 662, 666 (1991) (quoting Gates, 462 U.S. at 238).

In this case, the magistrate was informed that agents of the Department observed Coles sell goat cheese in a public market on June 19, 1999; that the goat cheese was being sold without prior inspection by the Department, in violation of Code § 3.1-398.1; that Coles resided at Satyrfield Farm and that agents of the Department had been refused entry to inspect at Satyrfield Farm.  These facts provided the magistrate with probable cause to believe Satyrfield Farm was subject to inspection and entry had been denied in violation of Code § 3.1-388(e).  The things to be searched would provide evidence that Satyrfield Farm was producing goat cheese for sale to the

- 7 -

public and was, therefore, subject to inspection which should not have been refused.

We, therefore, find the search warrant was based on probable cause.

## IV.   THE WARRANT WAS NOT BASED ON ILLEGALLY OBTAINED OBSERVATIONS

Lastly, Solem and Coles contend the evidence should have been suppressed because the search warrant was based, in part, on observations illegally made by Agent Williams.  The observations they challenge are those describing their home as "[a] faded masonite board two story residence and surrounding barns."  It is their contention that Williams was illegally upon their property when he made these observations and these observations tainted the search warrant.  We disagree with the contention that Williams' observation of the structures required the suppression of evidence.

As we have stated, Satyrfield Farm was subject to inspection as a food production and storage site.  Williams, an agent of the Commissioner, drove to the farm and walked from his car to the front door to perform the requisite inspection pursuant to Code § 3.1-399.  He was therefore lawfully on the property.  Solem and Coles "had no reasonable expectation of privacy in those areas of their property observable by members of the public who might approach their residence . . . or lawfully be upon their property."  Shaver v. Commonwealth, 30

- 8 -

Va. App. 789, 796, 520 S.E.2d 393, 396 (1999).  Williams'
observation of the design of the house and the presence of a
barn were made while walking the distance from his car to the
front door and back again when Solem refused entry.  Williams
therefore did not perform an illegal search that tainted the
search warrant when his description of the house and barn were
used in the affidavit.

Further, neither the observations regarding the style of
house at Satyrfield Farm nor the fact that Williams actually
observed a barn on the farm provided a basis upon which the
warrant was issued.  The observations simply added a more
definitive description to the places sought to searched, and
without that information the warrant would still have been
issued as the observations had nothing to do with an alleged
offense and added nothing to the Department's allegations.

Accordingly, we find the trial court did not err when it
denied Solem's and Coles' motions to suppress.  The convictions
are affirmed.

Affirmed.